UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORDAN GUY MACDONALD
GONDREAU,

        Plaintiff,

v.                                                      Case No:   6:18-cv-1347-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

# MEMORANDUM OF DECISION

Jordan Guy MacDonald Gondreau (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), finding that he was no longer disabled. Doc. No. 1. Claimant's Application Summary for Disability Insurance Benefits states that he became unable to work due to a disabling condition on August 1, 2014. R. 177. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to accord great weight to his 100% disability rating from the Veterans Administration ("VA") or provide serious consideration, close scrutiny, and specific reasons for discounting the rating. Doc. No. 18 at 27-29. Because of that error, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings.[1]

## I.  STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

---

[1] As this issue is dispositive, there is no need to address Claimant's other argument. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.  ANALYSIS.

Claimant argues that the ALJ erred in assigning "some weight" to Claimant's 100% disability rating from the VA and by not providing the serious consideration, close scrutiny and specific reasons necessary to discount a VA disability rating. Doc. No. 18 at 27-29. The ALJ stated the following regarding the VA rating:

> I have also carefully considered the 100-percent combined disability rating from the VA (Exhibit 13F). An opinion that an individual is disabled is not a medical opinion but is, instead, an opinion on an issue reserved to the Commissioner, because "disability" is an administrative finding that is dispositive of a case. (20 CFR 404.1527(e)[.]) Although the VA uses a different disability standard than the standard set forth under the Social Security Act and Regulations, in this case, I grant some weight to the VA's disability

> rating. However, I find that the medical evidence of record as a whole is consistent with a wide range of light jobs with added postural, manipulation, environmental, and mental related limitations, consistent with the residual functional capacity.

R. 19.

The VA's disability rating is "'evidence that should be given great weight.'" *Brady v. Hecker*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quoting *Olson v. Schweiker*, 663 F.2d 593 (5th Cir. 1981)). "[T]he ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Brown–Gaudet–Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016). The district court "will reverse the Commissioner's decision and remand the case for the ALJ to appropriately weigh the VA disability rating" if the ALJ fails to appropriately review the VA's disability rating. *Bruton v. Comm'r of Soc. Sec.*, No. 6:16-CV-1209-ORL-37DCI, 2017 WL 4174314, at *2 (M.D. Fla. Sept. 21, 2017); *Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006) (reversing and remanding with the instruction that "in its decision the ALJ should specifically also consider and address the VA's Rating Decision itself.").

In *Jones v. Commissioner of Social Security*, No. 6:17-CV-447-ORL-DNF, 2018 WL 4520359, at *4 (M.D. Fla. Sept. 21, 2018), the ALJ gave the claimant's 100% VA disability rating little weight because the VA's rating system is substantially different from the Social Security Administration's disability adjudication system and because "'the overall evidence of record shows that, regardless of the possible disability levels assigned by the claimant, under the stand[ard]s in the SSA Regulations, the claimant [is] still capable of at least some work-related activities.'" (Quoting the ALJ's decision.) Relying on *Brown–Gaudet–Evans*, the court reversed the ALJ's decision. *Id.* at *5. "The fact that the two agencies utilize different determination processes does not constitute good cause for rejecting evidence that is entitled to great weight." *Id.*

The general statement that the overall evidence demonstrates that the claimant "is capable of at least some work-related activities is a general statement that does not satisfy the ALJ's duty to provide specific reasons for discounting the determination." *Id.*

Here, the three reasons the ALJ gave for discounting Claimant's 100% disability rating are the following: (1) an opinion regarding disability is reserved to the Commissioner; (2) the VA uses different standards to determine disability than the Social Security Administration; and (3) "the medical evidence of record as a whole is consistent with a wide range of light jobs with added postural, manipulation, environmental, and mental related limitations, consistent with the residual functional capacity." R. 19. The ALJ provided no explanation supporting the third reason. The second and third reasons are almost identical to the ALJ's reasons in *Jones* for discounting the 100% VA disability rating. *Jones*, No. 6:17-CV-447-ORL-DNF, 2018 WL 4520359, at *4. Thus, the ALJ here did not satisfy his duty to provide specific reasons for discounting the VA's determination, and the Court cannot determine that his decision is supported by substantial evidence. *See also Beshia v. Comm'r of Soc. Sec.,* 328 F. Supp. 3d 1341, 1347 (M.D. Fla. 2018) ("Summarily rejecting a VA disability rating because it is non-binding in the SSA context and relies on different criteria constitutes legal error. As does not addressing the merits of a 100% VA disability rating—particularly where based on the same underlying medical conditions at issue in the SSA proceedings." (citation omitted)); *Bruton*, No. 6:16-CV-1209-ORL-37DCI, 2017 WL 4174314, at *2-3 (reversing and remanding where ALJ rejected VA's disability rating based on the VA using different standards and its findings being non-binding on Social Security determinations).

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on April 2, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

James W. Keeter, Esq.
P.O. Box 196400
Winter Springs, FL 32719-6400

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher Harris, Regional Chief Counsel, Region IV
John C. Stoner, Deputy Regional Chief Counsel
Beverly E. Williams, Branch Chief
Deborah H. Lee, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Gonzalo Vallecillo
Administrative Law Judge
Office of Disability Adjudication and Review
5107 Leesburg Pike
Falls Church, VA 22041-3255