# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JORDAN GUY
MACDONALD GOUDREAU,

        Plaintiff,

v.                                                    Case No. 6:18-cv-1347-Orl-GJK

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____

## ORDER

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS** (Doc. No. 21) |
| **FILED:** | **JUNE 20, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part.**

On April 3, 2019, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. Nos. 19 and 20. On June 20, 2019, Plaintiff moved, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), for an award of attorney's fees (the

"Motion").[1]  Doc. No. 21.  In the Motion, Plaintiff requests the Court award attorney's fees in the amount of $6,786.14 and costs of $400.00.  *Id.* at 1.  Plaintiff's attorney expended 33.5 hours of work on the case from 2018 to 2019, at an attorney's hourly rate of $202.41 for 2018 and $203.56 for 2019.[2]  Doc. No. 21-1 at 3-4.  The hourly rates requested do not exceed the EAJA cap of $125 per hour adjusted for inflation.  Doc. No. 21-1 at 3.  The Court finds that the hourly rates and time expended are reasonable.

Plaintiff states, "If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel."  Doc. No. 21 at 2.  The Motion is unopposed.  *Id.*  In *Astrue v. Ratliff*, 560 U.S. 586, 592-98 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign the right to receive the fee to an attorney, analogizing those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign entitlement to attorney's fees. *Id.* at 596-98. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) (the "Anti-Assignment Act") to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b) provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued."  Accordingly, an assignment made prior to the award of attorney's fees necessarily

---

[1] On October 23, 2018, the parties filed a notice consenting to the jurisdiction of the magistrate judge.  Doc. No. 11. An order approving consent to jurisdiction was entered on October 24, 2018.  Doc. No. 13.

[2] Plaintiff attaches detailed time sheets and a memorandum of law in support of the hourly rate and the number of hours worked.  Doc. Nos. 21-1 and 21-2.

2

violates section 3727(b) because the claim has not been allowed, the amount of the claim has not been determined, and a warrant for the claim has not been issued. *Id.* Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, No. 3:09–CV–132 CDL–MSH, 2011 WL 1196054, at *3-4 (M.D. Ga. Feb. 24, 2011). In this case, because Plaintiff's assignment, Doc. No. 21-3, predates this award of fees under the EAJA, it does not satisfy section 3727(b). *Crumbly v. Colvin*, No. 5:13–CV–291 (MTT), 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntly v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 3, 2013). Based on the foregoing, the Court concludes the award of EAJA fees should be made payable to Plaintiff as the prevailing party. *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935, 937 (6th Cir. 2017) (holding in an appeal of a Social Security case that "attorney fees ordered under EAJA are to be paid to the prevailing party" and the Anti-Assignment Act "could serve as a bar to an EAJA fee award assignment . . . .").

Under the EAJA, costs may also be taxed against the United States in favor of a prevailing party, including those costs enumerated in 28 U.S.C. § 1920. 28 U.S.C. § 2412(a); *Leonard v. Astrue*, No. 2:05-cv-499, 2010 U.S. Dist. LEXIS 15702, at *4 (M.D. Fla. Feb. 23, 2010). Costs enumerated in 28 U.S.C. § 1920 include the District Court Clerk's filing fee. *Id.* § 1920(1). Thus, Plaintiff is entitled, as the prevailing party, to an award of costs in the amount of $400.00.

Accordingly, it is **ORDERED** that the Motion is **GRANTED in part** as follows:

1. The Court awards EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $6,786.14 and costs in the amount of $400.00;

2. Otherwise, the Motion is **DENIED**;[3] and

3. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida, on June 21, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[3] The Commissioner may elect to waive the application of the Anti-Assignment Act to the fee award, but this order denies the request for authorization to pay fees to Plaintiff's counsel for the above-stated reasons. *Kerr*, 874 F.3d at 934-35.